UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Drian Martinez-Senan and
Sarah Martinez,

              Petitioners,

v.

Leslie D. Tritten, et al.,

              Respondents.

Case No. 17-cv-5080 (WMW/BRT)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

---

This matter is before the Court on the December 7, 2017 Report and Recommendation (R&R) of United States Magistrate Becky R. Thorson. (Dkt. 17.) The R&R recommends dismissing without prejudice Petitioners Drian Martinez-Senan and Sarah Martinez's petition for a writ of habeas corpus and denying Petitioners' motions for injunctive relief. Petitioners timely objected to the R&R. For the reasons that follow, the Court overrules Petitioners' objections and adopts the R&R.

## **BACKGROUND**[1]

Martinez-Senan is a citizen of Cuba who became a lawful permanent resident of the United States on September 25, 2013. Martinez-Senan was convicted of rape on March 15, 2017, in South Dakota. United States Immigration and Customs Enforcement subsequently arrested Martinez-Senan and initiated removal proceedings, charging him with being an alien convicted of an aggravated felony after his admission into the United States. 8 U.S.C. § 1227(a)(2)(A)(iii). On June 15, 2017, an immigration judge ordered

---

[1] The factual and procedural background is addressed with greater detail in the R&R.

Martinez-Senan removable to Cuba. Martinez-Senan appealed to the Board of Immigration Appeals. Petitioners married during the pendency of Martinez-Senan's appeal, and Martinez filed a Form I-130 with the United States Citizenship and Immigration Services seeking classification of Martinez-Senan as an immediate relative of Martinez. A ruling on Martinez's Form I-130 remains pending.

On November 3, 2017, the Board of Immigration Appeals dismissed Martinez-Senan's appeal, which initiated Martinez-Senan's removal period. *See* 8 U.S.C. § 1231(a)(1)(B)(i)-(iii). Petitioners filed this petition for a writ of habeas corpus on November 10, 2017, and two days later filed motions for expedited injunctive relief. Petitioners seek an order releasing Martinez-Senan pending the completion of his removal proceedings and an order compelling the adjudication of Martinez's Form I-130.

## ANALYSIS

The R&R recommends dismissing without prejudice as premature the petition for a writ of habeas corpus and denying the motions for expedited injunctive relief because Petitioners cannot establish an unreasonable delay in the processing of Martinez's Form I-130. Because Petitioners filed objections to the R&R, this Court conducts a de novo review. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam).

Martinez-Senan's removal period commenced when the Board of Immigration Appeals dismissed Martinez-Senan's appeal on November 3, 2017. *See* 8 U.S.C. § 1231(a)(1)(B)(i); *Giraldo v. Holder*, 654 F.3d 609, 611 (6th Cir. 2011) (explaining that orders of removal are administratively final when affirmed by the Board of Immigration Appeals). The Immigration and Nationality Act requires the detention and removal of an

alien within 90 days of the commencement of a removal period. *Id.* § 1231(a)(1)-(2). But when, as here, an alien convicted of an aggravated felony cannot be removed within that 90-day window, continued detention may be warranted until removal is secured. *Id.* § 1231(a)(6). In *Zadvydas v. Davis*, the Supreme Court of United States held that "an alien's post-removal-period detention" cannot exceed "a period reasonably necessary to bring about that alien's removal." 533 U.S. 678, 689 (2001). The *Zadvydas* Court determined that a post-removal-period lasting six months is "presumptively reasonable," and a longer detention may be appropriate depending on the likelihood of removal in the near future. *Id.* at 701. Because Martinez-Senan's removal period commenced on November 3, 2017, his current detention remains "presumptively reasonable." *Id.* The petition for a writ of habeas corpus at issue here, therefore, is premature.

Petitioners also seek expedited injunctive relief requiring an adjudication of Martinez's Form I-130. To obtain such relief, a petitioner must establish that the delay in processing is unreasonable. *See, e.g.*, *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1090 (D. Minn. 2008). The R&R determines, based on publicly available information, that an average processing time for a Form I-130—as of September 20, 2017—is 8.5 months. Martinez filed her Form I-130 approximately eight months ago. Petitioners have not established that a delay in processing Martinez's Form I-130, if any, is unreasonable.

Petitioners contend that *Miah v. Mukasey*, 519 F.3d 784 (8th Cir. 2008), controls under these circumstances and requires granting the relief they seek. This argument is unavailing. *Miah* does not address the post-removal-detention of an alien convicted of an aggravated felony or the timeline in which immigration filings must be adjudicated. *See* 519 F.3d at 786-89 (rejecting argument that removal was unwarranted because appellant

should be granted asylum or protection under the Convention Against Torture). In sum, *Miah* is inapposite.

Petitioners also assert that Martinez "has done everything to assist in a speedy adjudication" and that Respondents "may delay for as long as [they] choose[]." But Petitioners' arguments do not address the holding of *Zadvydas* or the fact that Martinez's Form I-130 falls within an average processing time for adjudication. The R&R does not recommend, nor would the law support, a perennial delay in Martinez-Senan's removal or in the adjudication of Martinez's Form I-130. Presently, the timeliness of both Martinez-Senan's post-removal-detention and the processing of Martinez's Form I-130 remains reasonable. For this reason, the Court overrules Petitioners' objections.

Because Petitioners do not object to any other aspect of the R&R, the Court reviews the remainder of the R&R for clear error. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having carefully performed this review, the Court finds no clear error and adopts the recommendations.

## ORDER

Based on the foregoing analysis, the Report and Recommendation, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Petitioners' objections to the Report and Recommendation, (Dkt. 18), are **OVERRULED**;

2. The December 7, 2017 Report and Recommendation, (Dkt. 17), is **ADOPTED**;

3. Petitioners' Petition for a Writ of Habeas Corpus, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**;

4. Petitioners' Motion for a Preliminary Injunction, (Dkt. 2), is **DENIED**;

5. Petitioners' Motion for a Temporary Restraining Order, (Dkt. 3), is **DENIED**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: March 8, 2018                              s/Wilhelmina M. Wright
                                                  Wilhelmina M. Wright
                                                  United States District Judge